# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **SHANNON STARK et al.** | § | |
| | § | |
| v. | § | NO. 1:19-CV-041-LY |
| | § | |
| **JONATHAN KOHRS, et al.** | § | |

## ORDER

Before the Court is the above-entitled cause of action. Plaintiffs Shannon Stark, Shiloh Stark, d/b/a Obsidian Properties & Management, LLC, are proceeding pro se. This Court previously entered an Order, informing Plaintiffs that:

> All claims in this case are based on monies provided by Obsidian, organized as an LLC, to RealState and JSS. Dkt. No. 19, Ex. A; Dkt. No. 1. No individual claims are pled by the Starks. However, the pleadings and motions in this case are being filed by Shiloh Stark, who is currently incarcerated in federal prison. Shiloh Stark and Shannon Stark, are not licensed attorneys, and thus neither may represent Obsidian. Obsidian must be represented by licensed counsel. In light of this, the Court **ORDERS** Obsidian Properties & Management, LLC, to **OBTAIN COUNSEL** and **NOTIFY** the Court of the name of that counsel within 30 days of the date of this Order.

Dkt. No. 26. Instead of complying with the Court's Order, Plaintiff Shiloh Stark now files a Motion to Amend Pursuant to FRCP 15(a). Dkt. No. 27. Stark moves to amend the Complaint, asserting he will drop claims brought on behalf of Obsidian Properties & Management, LLC, and proceed only on individual claims brought by himself, and his sister Shannon Stark. Defendants have not filed a response.

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." A federal court has discretion to deny a motion to amend when that amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999).

Reviewing his Motion to Amend, Dkt. No. 27, and First Amended Complaint, Dkt. No. 28, Shiloh Stark, as the only signatory, attempts to represent the interests of not only himself, but also those his sister Shannon Stark, which he cannot do.[1] Moreover, although he characterizes the claims in the First Amended Complaint as now brought on his own behalf and that of Shannon Stark, he has merely re-packaged claims belonging to Obsidian Properties & Management, LLC as individual claims.

All claims brought in this case to date are based upon a loan agreement between Obsidian Properties and Management, LLC, and RealState Investments, LLC; and a separate agreement through which Obsidian Properties and Management, LLC, and RealState funded a joint venture—JSS Enterprises, LLC—agreeing to share the profits.[2] So far, the Starks have failed to assert any individual claims, as their claims have been based upon contracts signed in their capacities as corporate representatives of Obsidian Properties and Management, LLC. In sum, they are not individual parties to the contracts upon which they base their claims. All claims are based on contracts entered into between the corporate parties.

---

[1] U.S.C. § 1654 authorizes a litigant to proceed in federal court as his or her own counsel, but individuals who do not hold a law license may not represent other parties. *See Martin v. City of Alexandria*, 198 F. App'x. 344, 346 (5th Cir. 2006) (citing *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause"). Therefore, not only can Shiloh Stark not represent Obsidian Properties and Management, LLC, he cannot represent Shannon Stark. While a court should be "appropriately lenient" with a party who is proceeding pro se, the "right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)). Stark is **ORDERED** to refrain from filing pleadings on behalf of Shannon Stark or other individuals, as well as corporate entities.

[2] JSS Enterprises, LLC, is a Missouri Limited Liability Company, and its Article of Organization contain a Missouri choice of law provision. Dkt. No. 17-1 at 8. The Loan Agreement between Obsidian Properties and Management, LLC, and RealState Investments, LLC also contains a Missouri choice of law provision. Dkt. No 17-1 at 24.

In order to have standing to sue for breach of contract, "the plaintiff must either be in privity of contract with the defendant or be a third-party beneficiary entitled to enforce the contract." *United Neurology, P.A. v. Hartford Lloyd's Ins. Co.*, 101 F. Supp.3d 584, 591-92 (S.D. Tex. 2015). Privity of contract exists when the plaintiff and defendant have a valid contract with each other or when a party has a contract with a defendant that is then assigned to the plaintiff. *Allan v. Nersesova,* 307 S.W.3d 564, 571 (Tex. App.-Dallas 2010, no pet.); *see also Owens v. Unified Investigations & Sciences, Inc.*, 166 S.W.3d 89, 92 (Mo. App. E.D. 2005). The Starks are not signatories to the contracts in issue, are not in privity, have not pled they qualify as third party beneficiaries, and do not have individual standing to sue for breach of either contract in issue.

Moreover, even to the extent the Starks attempt to couch their claims as fraud claims, rather than breach of contract claims, those claims are based upon actions of the corporate entities. Plaintiffs assert that Kohrs defrauded them when he transferred funds out of the JSS entity to the RealState entity, and then used those funds for his own purposes and to support his lifestyle. However, Plaintiffs have pled that all monies in JSS were placed there by Obsidian Properties and Management, LLC, and not the Starks as individuals. The Starks cannot make out individual fraud claims about monies owed to Obsidian Properties and Management, LLC. *See Wingate v. Hajdik*, 795 S.W.2d 717, 719–20 (Tex.1990) (holding that claims for fraud and breach of fiduciary duty belong to the corporation and not the shareholder); *Warren v. Mercantile Bank of St. Louis*, 11 S.W.3d 621, 622-23 (Mo. Ct. App. 1999) (under Missouri law, "misrepresentation claims based upon . . . statements made to the officers or sole shareholders of a corporation belong to the corporation, not the individual officers or sole shareholders."). Thus the Starks lack standing to bring fraud claims based upon injuries caused to Obsidian Properties and Management, LLC.

Because the Starks do not have standing to bring their claims against Defendants in their individual capacities, granting leave to amend would be futile. Accordingly, the Court **DENIES** Stark's Motion to Amend Pursuant to FRCP 15(a) (Dkt. No. 27).

In the motion for leave to amend, Shiloh Stark requests that if the Court denies his motion, Obsidian Properties and Management, LLC, be allowed additional time to secure counsel. The current deadline to secure counsel is January 23, 2020, which was a full month from the date of this Court's prior Order. Although that is more than adequate time, the Court **GRANTS IN PART** the motion to extend and **ORDERS** Obsidian Properties and Management, LLC, to **OBTAIN COUNSEL AND NOTIFY THE COURT** by **February 10, 2020.** A failure of counsel to appear by this deadline will result in the dismissal of the case. *See Rowland and Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam) (holding that when a corporation declines to hire counsel to represent it, the court may dismiss its claims if it is a plaintiff, or strike its defenses if it is a defendant).

SIGNED this 13th day of January, 2020.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE