IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SHANNON STARK and SHILOH STARK dba OBSIDIAN PROPERTIES AND MANAGEMENT, LLC | § § § § | |
| v. | § § | NO. 1:19-CV-041-LY |
| JONATHAN KOHRS, dba REALSTATE INVESTMENTS, LLC and JSS ENTERPRISES, LLC | § § § § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court is the above-entitled cause of action. Before the Court are Plaintiffs' Motion for Partial Summary Judgment (Dkt. No. 19); Plaintiff Shiloh Stark's Motion for Telephone or Video Pretrial Conference (Dkt. No. 31); and Plaintiff Shiloh Stark's Motion for Sanctions (Dkt. No. 32). The District Court referred this case to the undersigned Magistrate Judge for both report and recommendation and disposition of various motions. Dkt. No. 23.

## I. BACKGROUND

Plaintiffs Shannon Stark, Shiloh Stark, and Obsidian Properties & Management, LLC, filed their Original Complaint on January 16, 2019, proceeding pro se. Dkt. No. 1. In the Complaint, Plaintiffs bring claims for fraud and breach of contract, specifically: (1) claiming that RealState Investments, LLC (a company formed by Jonathan Kohrs) failed to repay a $45,000 loan from Obsidian, a company formed by the Starks (who are siblings); and (2) seeking to recoup monies Obsidian used to fund a partnership between itself and RealState—JSS Enterprises, LLC. The basic underlying facts are that Obsidian and RealState formed JSS, with each contributing $45,000 to capitalize the business. Obsidian contributed

its $45,000 share, and also loaned RealState the $45,000 it contributed to JSS. Dkt. No. 1 at 4. Plaintiffs allege that Kohrs fraudulently siphoned away money Obsidian put into JSS and put it into the name of his own company, RealState. They seek repayment of Obsidian's $45,000 loan to RealState, repayment of Obsidian's $45,000 investment in JSS, and fifty percent of the value of JSS, RealState, and any related entities Kohrs created in an effort to divert funds rightfully belonging to JSS, as well as fifty percent of the profits earned by those entities. *Id.* at. 12.

Plaintiffs filed their suit pro se, naming themselves and Obsidian as Plaintiffs. However, all their claims were made on behalf of Obsidian, the LLC which entered into the loan agreement with Kohrs' company, RealState, and which funded JSS. On December 23, 2019, this Court entered an Order notifying the parties that:

> Although an individual has the right to proceed pro se, business entities such as limited liability companies—as fictional legal persons—have no such right, and must be represented by licensed counsel. *Southwest Express Co. v. Interstate Commerce Comm'n*, 670 F.2d 53, 54–56 (5th Cir.1982); *In re K.M.A., Inc.*, 652 F.2d 398, 399 (5th Cir.1981). "This is so even when the person seeking to represent the corporation is its president and major stockholder." *Id.* at 399 (citation omitted).
>
> All claims in this case are based on monies provided by Obsidian, organized as an LLC, to RealState and JSS. Dkt. No. 19, Ex. A; Dkt. No. 1. No individual claims are pled by the Starks. However, the pleadings and motions in this case are being filed by Shiloh Stark, who is currently incarcerated in federal prison. Shiloh Stark and Shannon Stark, are not licensed attorneys, and thus neither may represent Obsidian. Obsidian must be represented by licensed counsel.

Dkt. No. 26. Thus, the Court ordered Obsidian to obtain counsel within 30 days, and warned Obsidian that failure to do so could result in the dismissal of Obsidian's claims. *Id.*

In response, Shiloh Stark filed a Motion to Amend Pursuant to FRCP 15(a). Dkt. No. 27. In an Order dated January 13, 2020 (Dkt. No. 29), the Court noted that Stark "has merely re-packaged claims belonging to Obsidian Properties and Management, LLC as individual claims," and therefore denied the Motion to Amend, finding:

2

> Because the Starks do not have standing to bring their claims against Defendants in their individual capacities, granting leave to amend would be futile. Accordingly, the Court **DENIES** Stark's Motion to Amend Pursuant to FRCP 15(a) (Dkt. No. 27).
>
> In the motion for leave to amend, Shiloh Stark requests that if the Court denies his motion, Obsidian Properties and Management, LLC, be allowed additional time to secure counsel. The current deadline to secure counsel is January 23, 2020, which was a full month from the date of this Court's prior Order. Although that is more than adequate time, the Court **GRANTS IN PART** the motion to extend and **ORDERS** Obsidian Properties and Management, LLC, to **OBTAIN COUNSEL AND NOTIFY THE COURT** by **February 10, 2020.** A failure of counsel to appear by this deadline will result in the dismissal of the case. *See Rowland and Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam) (holding that when a corporation declines to hire counsel to represent it, the court may dismiss its claims if it is a plaintiff, or strike its defenses if it is a defendant).

Dkt. No. 29.

In response to the Court's Order, on February 10, 2020, Shiloh Stark has filed his Response to Order and Amended Complaint. In it, Stark asserts he made an "error" when he listed Obsidian as a plaintiff in the Original Complaint. He asserts that Obsidian was administratively dissolved in 2015 and Obsidian assigned to Shiloh and Shannon Stark its interests in JSS Enterprises, LLC and the loan agreement. He further avers that Shannon Stark assigned her interest in JSS and the loan agreement to him, thereby rendering him the sole proper individual plaintiff in this case, and therefore free to proceed pro se. He attached Plaintiff's Second Amended Complaint, listing Shiloh Stark as "the only real party with an interest in this lawsuit," asserting the same claims based upon the agreements between Obsidian and JSS and the loan Obsidian made to RealState.

## II. ANALYSIS

Rule 16(f) of the Federal Rules of Civil Procedure permits a district court to "issue any just orders . . . if a party or its attorney . . . fails to obey a scheduling order or other pretrial order." FED. R. CIV. P. 16(f); *Danini v. Glob. Television Network, Inc.*, 2017 WL 4158809, at *1 (S.D. Tex. Sept. 18,

2017). Likewise, Federal Rule of Civil Procedure 41(b) permits a district court to dismiss a case for want of prosecution or failure to comply with a court order. *See* FED. R. CIV. P. 41(b). The rule provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.

*Id.* A court's authority in this regard stems from its inherent power to control its docket and prevent undue delays in the disposition of pending cases. *Link v. Wabash R. Co.*, 370 U.S. 626 (1962). Such a dismissal may be either with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879–80 (5th Cir. 1996). Additionally, when a corporation declines to hire counsel to represent it, the court may dismiss its claims if it is a plaintiff, or strike its defenses if it is a defendant. *Rowland,* 736 F.2d at 1005.

Despite two opportunities to do so, and two orders entered by the Court directing them to do so, Plaintiffs in this case have failed to obtain counsel. Instead, Stark has again attempted to re-characterize claims brought on behalf of Obsidian as individual claims belonging to him—this time asserting assignment of the claims—so that he may proceed pro se. He cannot do this. The federal statute governing appearances in federal court permits an individual to proceed pro se, but does not authorize a pro se individual to appear on behalf of a corporation. 28 U.S.C.A. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."). Any assignment of Obsidian's claims to Stark does not change this policy. "In light of [the] policy reasons for preventing a lay person from representing a corporation in litigation, the federal courts have, in cases governed by federal law, disapproved any circumvention of the rule by the procedural device of an assignment of the corporation's claims to the lay individual." *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 23

(2d Cir. 1983). Courts faced with this question routinely hold that an individual who has been assigned claims from a corporation cannot proceed pro se. *See, e.g.*, *Heiskel v. Mozie*, 82 F.2d 861, 863 (D.C. Cir. 1936) ("It cannot be doubted, we think, that an assignment of a claim against another, made solely for the purpose of permitting the assignee—not an attorney—to conduct the litigation in proper person, would be colorable only and, therefore, insufficient to accomplish the purpose . . . .").[1] Although not directly addressing this issue, the Fifth Circuit has held similarly. *See M2 Tech., Inc. v. M2 Software, Inc.*, 589 F. App'x 671, 675 (5th Cir. 2014) (denying a Rule 24 intervention as a matter of right by a pro se individual assigned the corporation's claims because it would not only nullify the well-established rule that in federal court, corporations must be represented by counsel; but also, the record established that the pro se individual's sole reason for pursuing the assignment and motion to intervene was so that the corporation could protect its trademark rights in federal court without retaining counsel).

The Court finds that Stark cannot pursue Obsidian's claims pro se through assignment. Moreover, Obsidian has failed to comply with the order that must obtain counsel. *See Southwest Express,* 670 F.2d at 54–56. As the Court has previously explained, the Starks have failed to plead any individual claims. Because the parties have failed to comply with this Court's orders, and Shiloh Stark cannot represent a corporate entity's interests pro se, Plaintiffs' claims should be dismissed without prejudice pursuant to Rule 41(b).

---

[1] *Jones*, 722 F.2d at 23 (2d Cir.1983) ("[T]he federal courts have, in cases governed by federal law, disapproved any circumvention of the rule by the procedural device of an assignment of the corporation's claims to the lay individual."); *Mercu–Ray Indus., Inc. v. BristolMyers*, 392 F. Supp. 16, (S.D.N.Y.1974) ("To allow [plaintiff] to appear pro se in this suit would be allowing him to flout a well-established and purposeful public policy by means of a procedural device . . . he must have an attorney present the corporation's legal claims."); *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385–86 (11th Cir. 1985); *Wolfe v. Rodriguez*, 2013 WL 6885176, *3 (S.D. Fla. Dec. 31, 2013); *Jones v. Dacosta*, 930 F. Supp. 223, 225 (D. Md. 1996) (corporation may not assign interest in case to individual in order for individual to litigate claim); *Capital Group, Inc. v. Gaston & Snow*, 768 F. Supp. 264, 265–66 (E.D. Wis.1991) (same); *TruCore Assocs., Ltd. v. SSS Consulting, Inc.,* No. 3:05CV230, 2009 WL 10679559, at *4 (S.D. Ohio Jan. 15, 2009); *In re Thomas*, 387 B.R. 808 (D. Colo. 2008) (collecting cases).

## III. RECOMMENDATION

The Court **RECOMMENDS** that the District Court **DISMISS** all Plaintiffs' claims without prejudice and **DENY** any pending motions. **IT IS FURTHER ORDERED** that this case is **REMOVED** from the docket of the undersigned and **RETURNED** to the docket of the Honorable Lee Yeakel.

## IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 12th of February, 2020.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE